Joseph **WEIDENFELLER** and Edwin Kryszewski, Plaintiffs,

v.

James **KUDULIS** et al., Defendants and Third-Party Plaintiffs,

v.

**STATE OF WISCONSIN, DEPARTMENT OF HEALTH AND SOCIAL SERVICES**, previously known as State of Wisconsin, Department of Public Welfare, an administrative agency of the State of Wisconsin, Third-Party Defendant.

Civ. A. No. 73–C–572.

United States District Court, E. D. Wisconsin.

May 5, 1975.

---

5. It can hardly be expected that the head of such a large Agency would go into any further detail on such a matter.

Robert LeBell, Legal Aid Society, Milwaukee, Wis., for plaintiffs.

Thomas J. Bergen, Milwaukee, Wis., for defendants Kudulis, Krebs, Yorkville Nursing Home and Yorkville Nursing Home, Inc.

William L. Gansner, Asst. Atty. Gen., Madison, Wis., for third-party defendant State of Wisconsin, Dept. of Health and Social Services.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This matter is before the court on the third-party defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The State of Wisconsin, Department of Health and Social Services, has moved to dismiss the third-party action on the grounds that it is an unconsented suit against a state in federal court which is barred by the Eleventh Amendment to the United States Constitution. For the reasons hereinafter stated, the motion of the third-party defendant must be denied.

### I.

In October of 1973, plaintiffs Joseph Weidenfeller and Edwin Kryszewski, two mentally handicapped individuals, instituted this action under the Thirteenth Amendment to the United States Constitution and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Plaintiffs seek monetary and declaratory relief against defendants for the productive labor which they were allegedly forced to perform without compensation at defendants' mental institutions.

In September 1974, defendants filed a third-party complaint against the State of Wisconsin, Department of Health and Social Services ("Department"), seeking indemnification by the Department for any damages for which the third-party plaintiffs might be held liable in the initial action against them. The basis of the third-party complaint is third-party plaintiffs' allegation that the Department was ultimately responsible for the care and well-being of plaintiffs and had, in fact, approved the defendants' assignment of various tasks to the plaintiffs in the defendants' nursing home. Third-party defendant has moved to dismiss the third-party complaint, alleging that the action is barred by the Eleventh Amendment.

### II.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although the Eleventh Amendment is not expressly applicable to the present action as plaintiffs are citizens of Wisconsin, it has been established that an unconsenting state is immune from suits brought in federal court by her own citizens as well as by citizens of another state. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Parden v. Terminal Ry. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Employees v. Missouri Public Health Dept., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). It is also well established that suits brought against an agency or department of the state are in fact suits against the state and covered by the Eleventh Amendment. Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Employees v. Department of Public Health and Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). The Department of Health and Social Services, the sole named defendant in the third-party complaint, is a department of the Wisconsin state government created by the legislature and is governed by Chapter 46, Wis. Stats. (1971). The relief sought in the

third-party complaint is indemnification by the state, and, consequently, the third-party complaint is a suit against the state for monetary damages which, if not consented to, is barred by the Eleventh Amendment.

■ Thus, the sole issue presented by defendants' motion is whether the State of Wisconsin has consented to this action and effected a waiver of its sovereign immunity under the Eleventh Amendment. Although the State of Wisconsin cannot be said to have impliedly consented to this action under the doctrine laid down in Parden v. Terminal Ry. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), in light of the Supreme Court's recent holding in Employees v. Missouri Public Health Dept., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), the Wisconsin legislature has expressly waived sovereign immunity by statute with respect to the third-party defendant.

Section 46.017 of the Wisconsin Statutes (1971) provides:

"The department [department of health and social services] may sue and be sued."

By creating a department with authority to sue and be sued, a state as to such department waives its immunity from suit under the Eleventh Amendment. Utah Construction Co. v. State Highway Commission, 16 F.2d 322, 323 (D.Wyo.1926). See also, Petty v. Tennessee-Missouri Co., 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). Consequently, the State of Wisconsin has by virtue of § 46.017 expressly waived its immunity with respect to the Department of Health and Social Services.

■ Third-party defendant contends that while § 46.017 constitutes consent to suit against the state in state courts, the statute cannot be construed as consent to suit in the federal court. Essentially, the Department contends that unless the applicable state statute, by express language, evidences an unmistakable intent by the state to submit to suit in federal court, the Eleventh Amend-

ment immunity is not waived. While a state may constitutionally give consent to be sued in its own courts and at the same time exclude the jurisdiction of the federal court by retaining its Eleventh Amendment immunity from federal suit, Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904), this court cannot accept third-party defendant's statutory construction as to the meaning and intent of § 46.017.

While it is true that waiver of immunity under the Eleventh Amendment is not to be lightly inferred, the legislature of the State of Wisconsin placed no limitation upon the suability of the Department of Health and Social Services. The statute simply declares that the Department may be sued. Third-party defendant asks this court to imply a limitation in the statute that the Department may be sued only in a state court. This is not a reasonable interpretation of an unambiguous statute which simply states that the Department is subject to suit without any distinction between state and federal courts.

The Department relies on the decisions in Great Northern Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); and Kennecott Copper Corp. v. Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946), and contends that these decisions "clearly" control the effect of § 46.017. An examination of these cases renders the conclusions drawn by the third-party defendant from them less than clear.

Initially, it must be noted that all of the cases relied upon by the third-party defendant involved state tax litigation. The Supreme Court in Kennecott Copper Corp. v. Tax Commission, 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946), found this fact of controlling significance in all the cases:

" * * * The reason underlying the rule, which is discussed at length

in the *Read* and *Ford* cases, is the right of a state to reserve for its courts the primary consideration and decision of its own tax litigation because of the direct impact of such litigation upon its finances."

In Great Northern Ins. Co. v. Read, supra, and Ford Motor Co. v. Department of Treasury, supra, the court found that the procedural requirements and restrictions of the respective statutes were such that they could not be satisfied by the federal court sitting in the state. Those statutes, the court held, impliedly granted the state's consent to be sued only in state courts, for only these courts could meet the state's procedural requirements. In this action, the third-party defendant has not in any way indicated to this court that any such procedural requirements exist with respect to this statute which impliedly limits the consent of the statute to the state courts alone. Consequently, this court holds that § 46.017 of the Wisconsin Statutes constitutes a waiver of the Eleventh Amendment immunity with respect to the Department of Health and Social Services, and its motion to dismiss must be denied.