SAFECO INSURANCE COMPANY OF
AMERICA, a Washington
Corporation, Plaintiff,

v.

William GUYTON and Irma Guyton,
Crocker National Bank, Coachella Valley County Water District, and Department of Transportation, a Department
of the State of California, Defendants.

No. CV 76–3488–GJS.*

United States District Court,
C. D. California.

Jan. 3, 1978.

* And consolidated with CV 77–383, CV 77–384, CV 77–680 and CV 77–956.

Walter S. Weiss, Gerald M. Lachowicz, Irene M. Boyd, Long & Levit, Los Angeles, Cal., for plaintiff.

David P. DeLancy, Corona del Mar, Cal., for Guyton.

E. Michael Kaiser, Chase, Rotchford, Drukker & Bogust, Gerald D. Shoaf, Redwine & Sherrill, Riverside, Cal., for Coachella Valley Water District.

Joseph A. Montoya, Benjamin B. Salvaty, Robert V. Cohune, Dept. of Transp., Legal Division, Los Angeles, Cal., for Dept. of Transp.

OPINION

SOLOMON, Senior District Judge:

Plaintiffs are five non-resident insurance companies (the companies). They filed declaratory judgment actions to determine whether they must pay for flood damage to properties covered by their policies. The defendants are policyholders, the Coachella Valley County Water District (the Water District) and the State of California Department of Transportation (Caltrans).[1] The policyholders have filed counterclaims for compensation under the policies.

The companies contend that rainfall on September 10, 1976, caused flooding that breached flood control structures built by the Water District and Caltrans. They contend that the flooding caused the damage and that flood damage is not a risk covered by the policies.[2]

The policyholders contend that negligent construction of the Water District's flood control dike and Caltrans's levee caused the damage and that the risk of damage for negligence is a covered risk. The companies contend that if they are liable because of the negligence of third parties, they should be subrogated to the rights of the policyholders against the Water District and Caltrans.

This court has jurisdiction under 28 U.S.C. § 2201.

The cases are before me now on the motions of all the defendants to dismiss.

*Motions of Policyholders*

The policyholders contend that they are entitled to dismissal under the doctrine of abstention. They assert that tort actions are pending in the state courts against the Water District and the State of California

---

1. Also named as defendants are banks holding the mortgages on some policyholders' homes.

2. The policies read in part:
"THIS POLICY DOES NOT INSURE AGAINST LOSS:

.    .    .    .    .

1. CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

a. FLOOD, SURFACE WATER, WAVES . . . OVERFLOW OF STREAMS OR OTHER BODIES OF WATER . . . .

.    .    .    .    .    .

2. CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY EARTH MOVEMENT, INCLUDING BUT NOT LIMITED TO . . . LANDSLIDE, MUDFLOW . . . ."

and the state court proceedings will resolve the issues to be litigated here. The policyholders also assert that judicial economy calls for the issues to be tried in the state court, especially because the federal actions seek declaratory relief.

■ The doctrine of abstention is limited to three categories of cases, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814–816, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976):

1. Abstention may be appropriate when a state court's determination of pertinent state law may moot a federal constitutional question or present it in a different posture. No federal constitutional issue is involved here.

2. Abstention may be appropriate when the action involves a difficult question of state law which state courts should be given the opportunity to decide. The issues here are not legal but factual—whether the Water District and Caltrans were negligent and whether the negligence, if any, was the efficient proximate cause of the damage. *Sabella v. Wisler*, 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889 (1963).

3. Abstention also may be appropriate when federal jurisdiction has been invoked to restrain the collection of state taxes, state criminal proceedings and certain state nuisance proceedings. None of these proceedings is involved here.

■ Finally, the policyholders contend that the actions should be abated under the doctrine of abstention and that the doctrine does not require parallel state proceedings between the parties. Abstention, which I have already held inapplicable here, does not require parallel proceedings; but abatement, which is a separate doctrine, does require parallel proceedings. *Weiner v. Shearson, Hammill & Co., Inc.*, 521 F.2d 817, 820 (9th Cir. 1975). There are no parallel proceedings between the parties; abatement is not proper here.

The policyholders' motion to dismiss is denied.

### Motion of Caltrans

Caltrans seeks to dismiss because: (1) it is an arm of the State of California (the State); (2) the State has not consented to be sued for tort in the federal court; and (3) actions in federal court against unconsenting states are prohibited by the Eleventh Amendment.[3]

The plaintiffs contend that the State has consented to be sued in the federal court for torts. They rely on Cal.Govt.Code § 945, which provides:

"A public entity may sue [or] be sued";

and Section 955.2, which provides:

"Notwithstanding any other provision of law, where the State is named as a defendant in any action or proceeding for death or injury to person or personal property and the injury or the injury causing death occurred within this State, the proper court for the trial of the action is a court of competent jurisdiction in the county where the injury occurred or where the injury causing death occurred. The court may, on motion, change the place of the trial in the same manner and under the same circumstances as the place of trial may be changed where an action is between private parties."

■ Although the State has waived its immunity in tort actions, this waiver may be limited to actions in state courts. *Petty v. Tennessee-Missouri Commission*, 359 U.S. 275, 277, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). Courts will find a waiver of Eleventh Amendment protection only if there is an express waiver or if the text leaves no other reasonable interpretation. *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

The two code provisions which are part of the California Tort Claims Act do not expressly permit tort actions against the State in a federal court. They provide for a

3. The Eleventh Amendment reads:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

system of filing, reviewing and paying out tort claims against the State, followed by state court review of the claims. It is unlikely that the State Legislature intended to allow the federal courts to have jurisdiction to review these claims. Waiver of the Eleventh Amendment protection is not to be lightly inferred.

None of the cases cited by plaintiffs are in point. In *Weidenfeller v. Kudulis*, 392 F.Supp. 967 (E.D.Wis.1975), a provision which is similar to Section 945 was part of an act establishing a Department of Health and Social Services. That act did not contain a comprehensive administrative review procedure. In *Reagan v. Farmers' Loan and Trust Co.*, 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014 (1894), a provision similar to Section 955.2 was the basis of an action in federal court against the Texas Railroad Commission. The Supreme Court held that the Commission was not an alter ego of the state and therefore the Eleventh Amendment was not applicable. Here again, the provision was not part of an administrative procedure involving close state agency scrutiny.

I hold that the State has not waived its Eleventh Amendment immunity and that this court lacks jurisdiction to hear these actions against Caltrans.

Caltrans's motion to dismiss is granted.