The PHARMACISTS SOCIETY OF MIL-WAUKEE COUNTY, INC., a Wisconsin Corporation, Gordon Sauer, R.Ph., Individually and as President of the Pharmacists Society of Milwaukee County, Inc., James H. Gollin, R.Ph., Individually and as President of Courtland Professional Pharmacy, Inc., and as Chairman of the Board of the Pharmacists Society of Milwaukee County, Inc., Lester Carter, R.Ph., Dennis Olig, R.Ph., Individually and as President of Olig Pharmacy, Inc., Thomas Walker, R.Ph., Individually and as President of Service Prescription Center, Inc., Gerald Freitag, R.Ph., Individually and as Vice President of Gull Pharmacies, Inc., Robert Maile, R.Ph., Individually and as President of Maile Pharmacy, Inc., and on behalf of all others similarly situated, Plaintiffs,

v.

DEPARTMENT OF HEALTH AND SO-CIAL SERVICES, Manuel Carballo, Individually and as Secretary of the Department, Charles P. Smith, Treasurer of the State of Wisconsin, and Blue Cross Surgical Blue Shield, Defendants.

No. 76–C–684.

United States District Court,
E. D., Wisconsin.

July 18, 1978.

406

Michael J. Mathis, Preloznik & Associates, S.C., Madison, Wis., for plaintiffs.

Stephen A. Simanek, Foley & Capwell, S.C., Racine, Wis. (Ass. Hosp.), Steven W. Celba, Milwaukee, Wis. (Blue Cross), Ward L. Johnson, Asst. Atty. Gen. (State), Madison, Wis., Robert Horowitz, Mark J. Wleklinski, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis. (E.D.S. Fed. Corp.), for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

In this action, both defendants have filed motions with this Court. The defendant, Department of Health and Social Services, is an agency of the State of Wisconsin and has filed a motion for summary judgment based upon two grounds. The first ground for the motion claims immunity from suit for damages in federal court based upon the Eleventh Amendment to the United States Constitution. The second ground alleges that there is no genuine issue of any material fact, in light of statements made in the affidavit of an employee of the Department.

Defendant E.D.S. Federal has moved for a dismissal of the claims against it, for an order to strike certain paragraphs in the plaintiffs' complaint, and for a protective order concerning certain written interrogatories. The motion for dismissal is based both upon Eleventh Amendment immunity and on its status as a fiscal intermediary.

In order to place these motions into perspective, a brief outline of the factual background is necessary.

This action concerns the Medicaid Program provided for under Subchapter XIX of the Federal Social Security Act. The purpose of this program is to provide medication to those individuals whose resources are insufficient to meet its cost. Under the statutory scheme, the program is partially funded by the federal government and partially funded by the state government. However, the actual administration of the program on a day-to-day basis is handled by a fiscal intermediary whose responsibility is to reimburse health care providers for properly filed claims. In this case, E.D.S. Federal is the current fiscal intermediary for the State of Wisconsin.

The actual medication is distributed through those local pharmacies that are participants in the Medicaid Program. The pharmacists are reimbursed by the state for the cost of the medication and a reasonable dispensing fee. The plaintiff complains that the rates for reimbursement of dispensing fees were frozen by an order of the Department of Health and Social Services, as of December 23, 1974, in violation of 42 U.S.C. § 1396a(a) 30 and 45 C.F.R. § 250.-30(b)(2).

Section 1396a(a) 30 provides that the state plan:

provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan . . . and to assure that payments (including payments for any drugs provided under the plan) are not in excess of reasonable charges consistent with efficiency, economy, and quality of care.

Section 250.30(b)(2)(i) provides:

In establishing the dispensing fee, States should take into account the results of surveys of costs of pharmacy operation. States shall periodically conduct such surveys of pharmacy operational data including such components as overhead, professional services and profits.

(a) The dispensing fee may vary according to the size and location of the pharmacy and according to whether the dispensing is done by a physician or by an outpatient drug department of an institution and according to whether the drug is a legend or a non-legend item.

(b) The dispensing fee may also vary for prescribed drugs furnished to title XIX recipients in an institutional setting by a pharmacy employing a unit dose system. In such instances the dispensing fee may be either: (1) An amount added to the cost of each unit dose furnished by the pharmacy or (2) a daily or monthly capitation rate per resident for whom prescribed drugs are being furnished. In either case, the dispensing fee is added to the ingredient cost of the prescribed drug which is actually consumed.

Section 250.30(a)(7) provides that the state's plan should:

Provide that fee structures will be established which are designed to enlist participation of a sufficient number of providers of services in the program so

that eligible persons can receive the medical care and services included in the plan at least to the extent these are available to the general population.

The complaint also alleges due process and equal protection violations based on the freeze order. The allegations assert that the freeze order does not apply to Wisconsin Medicaid reimbursements to hospitals and nursing homes and that it is arbitrary and capricious because it has no rational connection to reasonable cost.

Lastly, the plaintiffs contend that the order violates Wisconsin Statute § 49.-45(11)(a) in that the payments received under the order fails "[to pay] the customary, usual and reasonable demand . . . ,"

Besides attacking the freeze order, the complaint also alleges a violation of 42 U.S.C. § 1396a(a)(8) and (19) in that there are substantial and excessive delays in rendering the reimbursements. Sections 1396a(a)(8) and (19) state:

(8) provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals.

\* \* \* \* \* \*

(19) provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined, and such care and services will be provided in a manner consistent with simplicity of administration and the best interests of the recipients.

The plaintiffs request declaratory and injunctive relief as well as damages for an amount equal to the difference between what they actually received and that which they should have received during that period when the freeze was in effect.

Before considering any other motions, the motions of defendants Department of Health and Social Services and E.D.S. Federal concerning retroactive damages in light of the Eleventh Amendment of the United States Constitution must be considered. Although the Department characterizes its

motion as one for summary judgment, it is really in the nature of a motion to dismiss for failure to state a claim upon which relief can be granted and will be so answered by this Court. Federal Rule of Civil Procedure 12(b)(6).

The Eleventh Amendment provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

United States Constitution, Amendment XI. Although on its face this amendment does not bar suits by citizens against their own states, it has been consistently so interpreted by the United States Supreme Court. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Duhne v. New Jersey*, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ The Eleventh Amendment bars federal court suits against the state for retroactive monetary relief, unless the state consents to suit in federal court. *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 465, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The Eleventh Amendment is not a bar to prospective relief, however, and the injunctive portion of this suit is properly before this court even if Wisconsin has not waived its sovereign immunity to suit in federal court. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The prospective equitable relief is justiciable in a federal court in light of *Young, supra,* even though, as here, the state's treasuries will be affected. *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

The key question concerning plaintiffs' claim for damages is whether Wisconsin has waived its Eleventh Amendment sovereign immunity to suits for retroactive monetary damages in federal court. In light of the following discussion, this Court must conclude that the plaintiffs' suit for retroactive money damages is barred by the Eleventh Amendment to the United States Constitution. This bar also applies to E.D.S. Federal since they are acting solely as the fiscal intermediary of the Department of Health and Social Services.

Plaintiff cites Wis.Stat. § 46.017 (West. Supp.1977–78) which states "[t]he department may sue and be sued." The department refers to the Department of Health and Social Services. Wis.Stats. § 46.011 (West.Supp.1977–78). Plaintiff argues that this constitutes a waiver by the state to suit in federal court relying upon Judge Reynolds' decision in *Weidenfeller v. Kudulis*, 392 F.Supp. 967 (E.D.Wis.1975). In that case, the court interpreted § 46.017 as a waiver by Wisconsin of its immunity to suit in federal court, primarily relying upon the nature of the Supreme Court cases to permit this interpretation. The Supreme Court precedents relied upon by the department in that case were all tax litigation. Judge Reynolds distinguished *Weidenfeller* from those cases because it did not involve tax litigation. Thus he used a lesser standard for discovering waiver than applied by the Supreme Court.

The Supreme Court precedents, *Kennecott Copper Corp. v. Tax Comm.*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Ford Motor Co. v. Department of Treas.*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945) and *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944), all state an express waiver is required. In *Great Northern, supra*, at 54, 64 S.Ct. 873, the court stated that "when we are dealing with the sovereign exemption from judicial interference in the vital field of financial administration a clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found." Although the declaration in Wis.Stats. § 46.017 was not clear in the sense of permitting other courts to adjudicate retroactive damages payable from the state treasury, the court in *Weidenfeller, supra*, applied a lesser standard.

The standard applied in *Weidenfeller* allowed suit against the state because "[b]y creating a department with authority to sue and be sued, a state as to such deportment waives its immunity from suit under the Eleventh Amendment." *Weidenfeller, supra*, at 969. The court also relied heavily upon the fact that the State of Wisconsin had placed no limitation on the suability of the Department of Health and Social Services.

This Court declines to follow the *Weidenfeller* interpretation of § 46.017 in light of the United States Supreme Court's decision in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973). In *Edelman*, the plaintiff was suing for himself and as representative of a class for retroactive benefits under a joint federal-state aid program. The Supreme Court reversed the decision of the Seventh Circuit Court of Appeals which had awarded retroactive relief. The Court held that the portion of the suit asking for retroactive benefits was barred by the Eleventh Amendment. The Court denied effect to the plaintiff's claim that the award of retroactive benefits was mere equitable restitution, *Edelman, supra*, at 663–64, 94 S.Ct. 1347, presumably because the state treasury would nevertheless be disrupted, even though the award would not be technically damages.

Plaintiff in this action, however, claims that by the language of "sue and be sued" in Wis.Stats. § 46.017 the State of Wisconsin waived its immunity to suit in any court, including federal courts. This is not the case. In *Edelman*, the court, quoting from *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909), stated: "we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman, supra*, 415 U.S. at 673, 94 S.Ct. at 1361.

The court further quoted with approval the statement from *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944), that the state's intention to waive must be by "a clear declaration."

The Sixth Circuit Court of Appeals had an opportunity to consider the *Edelman* decision in two cases where the language being construed was very similar to the wording of Wis.Stats. § 46.017. In *Martin v. University of Louisville*, 541 F.2d 1171 (6th Cir. 1976), the Kentucky statute under consideration provided that a state university had the power "to sue and be sued, complain and defend, in its corporate name." The court found this language to be too narrow in scope to constitute a waiver of the state's Eleventh Amendment immunity. *Id.* at 1174–76. In an earlier case, *Soni v. Board of Trustees of Univ. of Tenn.*, 513 F.2d 347 (6th Cir. 1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976), the court interpreted the charter of the University of Tennessee, which contained broader language than the statute considered by the court in *Martin, supra.* The University was incorporated by the General Assembly of Tennessee. The charter provided that "the said trustees and their successors by the name aforesaid, may sue and be sued, plead and be impleaded, in any court of law or equity in this State or elsewhere." *Id.* at 351. The court in *Soni* found that this language constituted consent to be sued in any court and in any type of suit. As such, the language was considered a waiver of the state's Eleventh Amendment immunity. *Id.* at 353.

It is this Court's opinion that the language of Wis.Stats. § 46.017 cannot be read so broadly as to constitute waiver by the State of Wisconsin of its Eleventh Amendment immunity from suit by one of its citizens in a federal court. The language of § 46.017 is almost identical to that discussed in *Martin v. University of Louisville, supra*, and does not constitute a "clear declaration." It is this Court's considered opinion that the State of Wisconsin is immune from suit for damages in this Court in light of the Supreme Court's narrow interpretation of waiver in its recent decision of *Edelman v. Jordan, supra.* Likewise, any retroactive monetary relief against E.D.S. Federal is also barred in federal court because, as a mere fiscal intermediary, they fall within the umbrella of Wisconsin's Eleventh Amendment immunity. *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir. 1975).

One final point must be discussed in this Eleventh Amendment immunity question and that concerns whether Wisconsin's participation in the Medicaid Program constituted a waiver of the Eleventh Amendment immunity. It is feasible for Congress to subject member states to civil liability in federal court, but Congressional intent is necessary. *See, Williamson Towing Co. v. Illinois*, 396 F.Supp. 431 (E.D.Ill. 1975). For this type of waiver to apply, there must be some evidence that Congress intended the adherence to constitute a waiver of immunity to suit in federal court. The Supreme Court has stated:

> The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts. And while this Court has, in cases such as *J. I. Case Co. v. Borak*, 377 U.S. 426 [84 S.Ct. 1555, 12 L.Ed.2d 423] (1964), authorized suits by one private party against another in order to effectuate a statutory purpose, it has never done so in the context of the Eleventh Amendment and a state defendant.

*Edelman v. Jordan*, 415 U.S. 651, 673–674, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974). There is no evidence in the statute (42 U.S.C. § 1396a) to indicate that Congress intended the state's participation in the program to act as a waiver. On the contrary, there was a waiver provision in the statute, 42 U.S.C. § 1396a(g), but this provision applied only to hospital providers and was retroactively repealed shortly after it was

signed into law.[1]  This indicates that any waiver intended by Congress was limited and not applicable to this plaintiff.  Therefore, this Court has no alternative but to consider the Eleventh Amendment a bar to recovery of retroactive benefits in this federal court action against both E.D.S. Federal and the Department of Health and Social Services.  This leaves the question of whether the plaintiff has stated a claim upon which relief can be granted against E.D.S. Federal.  The remaining claims for relief against E.D.S. Federal are claims for injunctive relief ordering E.D.S. Federal to alter their administrative policies in order to reimburse the plaintiff-pharmacists within a reasonable time of filing and in a reasonably efficient manner.  Plaintiff also alleges that E.D.S. has paid below the federal guidelines of reasonable cost of dispensing drugs, but since there are no allegations that E.D.S. Federal did not follow the guidelines established by its principal, the Department of Health and Social Services, these claims must be dismissed.  The proper party to reestablish reasonable reimbursement guidelines is the Department; therefore, this portion of the injunctive relief, even if granted, would only be applicable to the Department of Health and Social Services.

The plaintiffs have further claimed that E.D.S. Federal has failed to reimburse the plaintiff-pharmacists within a reasonable time and in a reasonable manner.  The proper party to sue in this matter is the Department of Social Services, since they are the principals who are directly responsible for the proper administration of the Medicaid program in Wisconsin.  Therefore, all claims against E.D.S. Federal are dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  This Court need not consider any other E.D.S. Federal motions in light of its dismissal from this action.

■ Thus, the Department of Health and Social Services' motion for summary judg-ment is the only motion pending in this action.  A motion for summary judgment may only be granted when the pleadings, affidavits, depositions and other documents filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).  Federal Rules of Civil Procedure 56(c).

■ Plaintiff has alleged that the reimbursement rate for dispensing drugs is unreasonably low in violation of the applicable federal regulation, 45 C.F.R. § 250.-30(a)(ii)(b), and two subsections of the statute, 42 U.S.C. § 1396a(a)(8) and (19).  Their argument is based upon the allegation that inadequate compensation to participating pharmacists causes them to eventually drop out of the plan, thereby causing loss of reasonable service to Medicaid beneficiaries in violation of the statute.  Since this Court has already resolved the standing issue in the Court's March 30, 1977 Memorandum and Order, this plaintiff is a proper party to raise these issues.

The Department of Health and Social Services has filed the affidavit of Margaret Card, an employee of the Department, in support of its motion for summary judgment.  Ms. Card states that the dispensing fees price freeze was lifted in December, 1976, and that the rates have been increasing steadily.

■ Although this establishes that there is no longer a price freeze, it does not establish that the reimbursement rates are reasonable as defined in the federal guidelines.  Ms. Card also states that the Department's files contain only one pharmacist's letter of voluntary withdrawal from the Medicaid program.  This only establishes that one pharmacist withdrew with notice to the Department.  However, other pharmacists may have dropped out of the program without notice to the department,

---

1.  42 U.S.C. § 1396a(g) was enacted into law effective January 1, 1976 and repealed October 18, 1976.

since there is no indication in the affidavits, or other documents in this case, that a pharmacist must give notice to withdraw. Therefore, this Court finds that the plaintiff has raised the requisite genuine issues of material fact to withstand a motion for summary judgment.

For the reasons stated, defendant E.D.S. Federal is dismissed from this action and plaintiffs' claims for damages are dismissed. The defendant Department of Health and Social Services' motion for summary judgment is hereby DENIED.

So ordered.