**Climertine GIBSON, Plaintiff,**

v.

**STATE OF WISCONSIN DEPARTMENT OF HEALTH, Defendant.**

Civ. A. No. 79–C–688.

United States District Court,
E. D. Wisconsin.

June 11, 1980.

Climbertine Gibson, pro se.

Bronson C. LaFollette, Atty. Gen., and David C. Rice, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a pro se employment discrimination action brought by Climertine Gibson against the State of Wisconsin Department of Health and Social Services ("DHSS").

The complaint alleges that in 1976 plaintiff applied for a position as a probation and parole agent with the DHSS and was placed on a waiting list. On April 21, 1978, plaintiff saw an advertisement placed by the DHSS seeking social worker applicants and called to inquire why she had never been contacted. She was informed that the waiting list had been destroyed. Plaintiff alleges that she was discriminated against because of her race and her age, both of which are unspecified. The only relief demanded in the complaint is for back pay for the time during which there were job openings for which plaintiff was not hired.

Currently before the court is the defendant's motion to dismiss the action for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted.

■ The complaint in this action is poorly drafted and sorely lacks factual specificity. To make matters worse, plaintiff has chosen not to respond to defendant's motion to dismiss. Thus, it is extremely difficult to determine on what legal basis plaintiff seeks relief other than her unsupported assertion that she has been discriminated against. Nonetheless, it is the Court's duty to read the complaint as liberally as possible and to consider all possible grounds for relief. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, a fair reading of the complaint suggests the following jurisdictional bases: the Civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

■ The Title VII and ADEA claims must be dismissed for plaintiff's failure to allege that she has exhausted her administrative remedies. In order to prosecute a civil action under Title VII, a complainant must first file a charge with the Equal Employment Opportunity Commission and then receive a right to sue letter following the Commission's investigation and attempts at conciliation. 42 U.S.C. § 2000e–5(f)(1). Similarly, before a person may institute an action under the ADEA, he or she must give the Secretary of Labor at least

sixty days' notice of an intent to file such an action, during which time the Secretary is required to investigate and attempt to conciliate the complaining party's grievances. 29 U.S.C. § 626(d). Plaintiff does not allege that she followed either of these administrative procedures, thereby foreclosing her from maintaining an action under Title VII or the ADEA.

A plaintiff who has failed to exhaust the administrative prerequisites necessary to maintain an action under Title VII may, nonetheless, maintain an action for racial discrimination in employment under 42 U.S.C. §§ 1981 and 1983. *Waters v. Wisconsin Steel Works of International Harvester Co.*, 427 F.2d 476 (7th Cir. 1970). Assuming for the purposes of this motion that plaintiff is black, she has stated a claim for relief under both § 1981 and § 1983. Defendant concedes this point, but argues that the claim is barred by the Eleventh Amendment.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although not apparent on its face, it is well established that the amendment applies to suits for money damages brought against a state in federal court by one of her own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). It is also well established that suits against a state agency or instrumentality are considered suits against the state itself for purposes of the Eleventh Amendment. *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Since the only relief sought by the plaintiff in this action is retroactive money damages which would have to be paid from the state treasury, the suit is barred by the Eleventh Amendment unless it can be established that the State of Wisconsin has consented to be sued in the federal courts.

This Court has already considered the consent issue once with respect to the DHSS and held that the state has legislatively consented to federal actions against it. *Weidenfeller v. Kudulis*, 392 F.Supp. 967 (E.D.Wis.1975). In *Weidenfeller*, the Court held that the Wisconsin legislature waived sovereign immunity by passing § 46.017 of the Wisconsin Statutes which provides that the DHSS "may sue and be sued." In that case, as in the instant case, the state argued that § 46.017 merely constitutes a consent to be sued in state court and cannot be construed as a consent to be sued in the federal courts as well. Arguing that consent to suit in federal court must be explicitly stated, the state cited such cases as *Kennecott Copper Corp. v. Tax Commission*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); and *Great Northern Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944), in which authorizations to sue of even broader scope than § 46.017 were held not to constitute waivers of sovereign immunity because federal actions were not authorized as such. The Court distinguished those cases, however, as tax suits where the state had a special interest in litigating in their own forums because of the potential financial implications and because of special procedural requirements which could not be met in federal court. The Court held that in a case without these special factors, an authorization to "sue and be sued" without any limiting language served as a total waiver of sovereign immunity.

The *Weidenfeller* case, however, was decided before a spate of recent United States Supreme Court decisions were handed down which substantially revitalized the force of the Eleventh Amendment. See *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). These cases all deal with nontax suits against state instrumentalities and again emphasize the narrow circumstances under which a

suit for retroactive money damages can be maintained in federal court. Of particular interest is the following passage from *Edelman v. Jordan*, supra, at 673, 94 S.Ct. at 1360–61:

"* * * In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). * * * "

In *Weidenfeller*, the Court held in effect that even though the statutory language did not specifically authorize federal actions against the DHSS, such authorization would be inferred from the absence of limiting language. In light of the passage quoted above, such an inference can no longer be supported, for it cannot be said that § 46.017 is capable of no other construction. This is the conclusion reached by the Sixth Circuit Court of Appeals in interpreting identical statutory language in *Martin v. University of Louisville*, 541 F.2d 1171 (6th Cir. 1976), and by another branch of this district in interpreting § 46.017 itself. *Pharmacists Society of Milwaukee County v. Department of Health and Social Services*, D.C., 79 F.R.D. 405 (1978; Warren, J.). Thus, I am persuaded that § 46.017 should not be construed as a legislative consent to be sued in federal court, and, accordingly, plaintiff's civil rights counts must be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the above-entitled action is hereby granted.