## HOWE & ux. *v.* PLAINFIELD.

The representations of a sick or injured person, as to the nature, symptoms and effects of the disease or injury under which he is suffering at the time, are admissible and competent evidence tending to show his actual condition.

The liability of a town, for the damages occasioned by a defect in a highway, does not depend upon the fact whether or not its officers or agents had actual notice of the existence of the defect, provided it were of such a character and of such continuance at the time of the accident, that the town was reasonably bound, under all the circumstances, to have remedied it.

CASE, for damages sustained by the wife, in consequence of a defect in a highway in Plainfield.

Upon the trial, the evidence tended to prove that at the time of the accident, and for perhaps a day or two before, there was a small hole in the traveled part of the road, near a small bridge, or water-course. The plaintiffs were riding in a wagon along this highway, when their horse stepped with one of his fore feet into this hole, and being unable to withdraw his foot, he fell, and the wife was thrown from the wagon and injured. It appeared that no application was made to any physician for advice or medical assistance, until four and a half months after the accident. The alleged injury was one affecting the spine, near the lower part of the neck. The plaintiffs proposed to ask the physician, to whom application was first made, what statements the wife made to him at that time, relative to her condition, feelings and symptoms. Objection being made, the court admitted the evidence, and the defendants excepted.

The defendants proposed to ask the selectmen of Plainfield whether they had any knowledge or notice that there was any hole or other defect in the road, at the place of the accident, before it occurred. Objection

being made, the court held the evidence immaterial, and inadmissible, and the defendants excepted.

The defendants asked the court to instruct the jury, that if they found that the hole in the road was caused without any fault on the part of the town, then the defendants are not liable, unless they had notice, express or implied, of the existence of the defect, and an opportunity to repair it; but the court declined to give such instruction, and the defendants excepted.

A verdict was returned for the plaintiffs, and the defendants moved that it be set aside, by reason of said exceptions.

*Cushing & Chapin,* and *Lund,* for the plaintiffs.

*Flanders* and *Wheeler,* for the defendants.

FOWLER, J. The representations of a sick or injured person, as to the nature, symptoms and effect of the disease, malady or injury, under which he is suffering at the time, are received as original evidence. If made to a physician, surgeon, or other medical attendant, they are of greater weight as evidence ; but if made to any other person, they are not on that account rejected. They are received as indications or concomitants of the disease, malady or injury, in some sort, as going to elucidate and explain the condition of the person making them, and so part of the disease, malady or injury itself. *Aveson* v. *Kinnaird,* 6 East 188 ; *Gardiner Peerage Case* 79 ; *Rex* v. *Johnson,* 2 Carr. & Kir. 354 ; *Commonwealth* v. *Pike,* 3 Cush. 181.

Whenever the mental or bodily feelings or condition of an individual, at a particular time, are material to be proved, the usual expressions of such feelings or condition, made at the time in question, are admissible as evidence of such feeling or condition. They are classed

with natural evidence, as distinguished from personal evidence, and whether they were real or feigned is for the jury to determine. *Phillips* v. *Kelley*, 29 Ala. 628.

Thus, in an action for the warranty of the soundness of a slave, his declaration that he had a pain in his side, whereby the disease was detected, was holden admissible against the defendant. *Grey* v. *Young*, 4 M'Cord 38; *Goodwin* v. *Harrison*, 1 Root 80; *Rowland* v. *Oliver*, 18 Ala. 749; *Rowlac* v. *White*, 9 Ire. 63. So, from the necessity of the case, the declarations of a slave are admissible to show the effects of a blow upon his head, although he is in general not a competent witness against a white man. *Biles* v. *Holmes*, 11 Ire. 16.

When declarations are made in the performance of an act which is admissible in evidence, such declarations may be proved as explanatory of the act. In the present case, it was competent for the plaintiff's wife to show that she consulted a physician in regard to the injury of the spine and its condition, and the statements of her condition and sufferings made to him in the course of that consultation, would seem to have been clearly admissible, as explanatory of the consultation, as well as of the then existing condition of her spine. *Stewart* v. *Hanson*, 35 Me. 506; 1 Gr. Ev. sec. 102; 1 Edw. Phill. Ev. 182, n. 79; *Sessions* v. *Little*, 9 N. H. 271.

The liability of a town, for the damages occasioned by a defect in a highway, does not depend upon the fact whether its officers or agents had actual notice of the existence of the defect, provided it were of such a character and of such continuance at the time of the accident that the town were reasonably bound, under the circumstances, to have remedied it. *Morrill* v. *Deering*, 3 N. H. 53; *Hubbard* v. *Concord*, 35 N. H. 52; *Johnson* v. *Haverhill*, 35 N. H. 74.

In the case before us, the evidence tended to prove that at the time of the accident, and for a day or two, perhaps,

before, there was a small hole in the traveled part of the road near a small bridge or water-course, into which the plaintiff's horse stepped, and thereby occasioned the accident. It was for the jury to say whether or not, under, all the circumstances, the defendant town were guilty of a neglect of duty in not remedying this defect. That the selectmen had not been informed of it was quite immaterial. They might have lived in a part of the town remote from the scene of disaster, or they might have been absent from home during the period of its existence, and still it might have been clearly the duty of the town to have remedied the difficulty. If the hole was dangerous, and resulted from any original imperfection in the construction of the bridge or causeway, or from its natural wear or decay, or if, resulting from any other cause, it had existed for a sufficient length of time to give reasonable opportunity to ascertain and repair it, the town were liable, whether they had notice, express or implied, of its existence or not. If the defect in the road resulted from causes beyond the control of the town, and for which they were not in any wise responsible, they were not liable; unless the jury found that, under the circumstances, they ought to have repaired it before the accident, and had reasonable opportunity to do so. The question was, or may have been, one of reasonable care and diligence. If the hole resulted from the originally imperfect construction, or natural wear or decay of the bridge or causeway, or if it had existed for such lapse of time as to give the authorities of the town a reasonable opportunity, with due diligence, to know of and remedy it before the accident, it was wholly immaterial whether the agents of the town had notice of its existence or not. Towns are bound to constant vigilance and circumspection in regard to their highways, and are liable for damages happening in consequence of existing defects therein, which they have had reasonable opportunity to remedy, or which may

have arisen from their own negligence in their original construction, or their want of fidelity in properly looking after and repairing them.

Entertaining these views, we think the evidence offered, to show that the selectmen had no actual notice or knowledge of the existence of the defect in question, was properly rejected.

As no objection was taken to the instructions given, it is to be presumed they were correct; and, if so, those requested were properly refused, even though not differing materially from those given.

*Judgment upon the verdict.*