Rockingham
No. 91-340

### CLAIRE CALIRI, ADMINISTRATRIX OF THE ESTATE OF DALE HOBART

v.

### THE STATE OF NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION

February 12, 1993

*Allison & Devine, P.C.*, of Plaistow (*Patrick J. Devine* on the brief, and *Gregory J. Wenger* orally), for the plaintiff.

*John P. Arnold*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.   This negligence action arises out of a one-car accident that caused the death of Dale Hobart. The plaintiff, Claire Caliri, is the administratrix of Mr. Hobart's estate. Following a trial in the Superior Court (*Gray*, J.), the jury returned a verdict for the defendant, the State of New Hampshire, Department of Transportation (DOT). The plaintiff appeals, arguing that the trial court erred in its jury charge. We affirm.

The accident occurred on April 1, 1987, after the driver of the automobile, in which Mr. Hobart was a passenger, lost control upon hitting a patch of ice on Hampstead Road in Derry.

The plaintiff argued below that the DOT had a duty to maintain Hampstead Road for the safety of its travelers and that in furtherance of that duty, it was required to conduct ditching on private property abutting Hampstead Road; that the purpose of ditching was to prevent hazardous conditions by diverting water from flowing on the road; and that the performance of ditching on the private property was not a discretionary function under RSA 541-B:19, I(c) (Supp. 1991), which would immunize the State from suit for breach of its duty. The plaintiff asserted that because the DOT breached its duty to properly ditch the abutting property, water flowed from the ditch onto the road, forming ice that caused the accident resulting in Mr. Hobart's death.

At trial, the State conceded that the DOT was responsible for the maintenance of Hampstead Road, a Class II Highway, *see* RSA 230:3, and the State did not deny that certain of its employees owed a duty of due care to Mr. Hobart. The State presented evidence at trial that the ditch was not the proximate cause of the accident. Thus, it argued that the plaintiff could not prove the requisite causation element to hold the State liable for Mr. Hobart's death.

On appeal, the plaintiff first argues that the trial court erred when it refused to give her requested instructions involving the State's duty owed to travelers on its roadways, thereby leaving the jury with no guidance upon which to judge the defendant's conduct. We disagree.

■■■ In her requests, the plaintiff inartfully replaced the word "municipalities" and the word "towns" with the word "State" when paraphrasing two cases that concern a municipality's duty to maintain highways for the benefit of individuals. Quoting language from two older opinions of this court, the plaintiff requested that the trial court give the following instructions on the State's duty:

> "In New Hampshire the highway traveller [*sic*] may act upon the assumption that public authorities have performed their duty to maintain the highway and that the public way is in a reasonably safe condition. *Cullen v. Littleton*, 84 N.H 373[, 374, 150 A. 809, 809] (1930)."

> "The State of New Hampshire, Department of Transportation is 'bound to constant vigilance and circumspection in regard to [its] highways, and [is] liable for damages happening in consequence of existing defects therein, which [it] had reasonable opportunity to remedy, or which may have arisen from [its] own negligence in [its] original construction, or [its] want of fidelity in properly looking after and repairing them.' *Howe v. Plainfield*, 41 N.H. 135, 138[–39] (1860)."

The court was under no obligation to give these instructions, because they would impose a standard of care on the State that is not supported by either common or statutory law.

■■■ The general purpose of the court's charge is to state and explain to the jury the rules of law that are to be applied to the facts material to the resolution of the case. *See Gagnon v. Crane*, 126 N.H. 781, 789, 498 A.2d 718, 723 (1985). "A jury charge is sufficient as a matter of law if, taken as a whole, it fairly presents the case to the jury in such a manner that no injustice is done to the legal rights of

the litigants." *Broderick v. Watts*, 136 N.H. 153, 163, 614 A.2d 600, 607 (1992) (quotations and brackets omitted). It is well settled that the court need not use the identical language requested by a party as long as the court adequately states the law as applied to the case. *Id.*

■ As previously noted, the State conceded at trial that certain of its employees owed a duty of due care to Mr. Hobart. The standard of ordinary negligence imposes a duty of due care on the party that owes the duty. *See Ouellette v. Blanchard*, 116 N.H. 552, 553, 364 A.2d 631, 632 (1976). Although no duty of care towards individuals using the highways was statutorily imposed on the DOT at the time of the accident, we accept the State's concession that a duty of due care was owed to Mr. Hobart. *Cf.* Laws 1992, ch. 188 (codified at RSA 230:78 to :82 (Supp. 1992)) (legislation effective January 1, 1993, limiting the DOT's liability in the exercise of its statutory duty to maintain certain highways and highway bridges by determining that it should not be held to the standard of ordinary negligence for tort claims under certain circumstances).

Although he refused to give the plaintiff's requested instructions, the trial judge gave the standard negligence instruction, *see* N.H. CIVIL JURY INSTRUCTIONS, 6.1 (rev. ed. 1992). He instructed the jury that

"[n]egligence is simply the want of due care by some act or some omission. It is a deviation from that degree of care that would be exercised by the reasonable person of ordinary prudence. That individual is a fictional individual in the eyes of the law from whose conduct the rest of our conduct is measured. . . . To the extent that a defendant's conduct deviates from what a reasonable man would have done or what a reasonable man or reasonable person wouldn't have done, we say that that deviation is negligence. So negligence is doing what a reasonable person of ordinary prudence wouldn't do, or it is not doing what a reasonable person of ordinary prudence would do under the same or similar circumstances."

Further, he instructed the jury on the elements of a negligence claim, explaining that the plaintiff had to show that the defendant breached a duty owed to the plaintiff, and that such a breach was a foreseeable cause of the plaintiff's harm. *See Manchenton v. Auto Leasing Corp.*, 135 N.H. 298, 304, 605 A.2d 208, 213 (1992). Having instructed the jury as to the common law duty of due care, the judge continued his charge by instructing the jury that if it were to find any

of the DOT employees negligent, it may find that the State of New Hampshire was negligent and "if you find the State had any fault at all, was responsible in any way for these injuries, then you are to award full damages against the State."

■ These instructions adequately presented the law of negligence. Under the general dictates of tort law, "liability is ordinarily imposed upon persons for injuries caused by their failure to exercise reasonable care under all the circumstances." *Ouellette v. Blanchard*, 116 N.H. at 553, 364 A.2d at 632. The elements in a negligence action are a "breach of a duty of care by the defendant, which proximately causes the plaintiff's injury. . . . The test of due care is what reasonable prudence would require under similar circumstances." *Weldy v. Town of Kingston*, 128 N.H. 325, 330–31, 514 A.2d 1257, 1260 (1986) (citation omitted). Accordingly, we find that the court adequately instructed the jury on the issue of negligence and did not err by refusing to give the requested instructions.

The plaintiff next argues that the trial judge erred by endorsing the State's counsel's misstatement of the discretionary function exception to the State's limited waiver of sovereign immunity. *See* RSA 541-B:19, I(c) (Supp. 1991). During his opening statement, the State's counsel implied that, by virtue of the discretionary function exception, the State was immunized from suit for the conduct of all of the DOT employees involved in the ditching on Hampstead Road, except for the two patrolmen. The plaintiff argues that the State's counsel invaded the province of the court by giving the jury an erroneous interpretation of the law to be applied in this case.

■ The State argues that the plaintiff waived any objection to this statement when plaintiff's counsel agreed that a curative instruction given by the judge "clear[ed] up the motion we filed earlier as to the curative—that instruction clearly handles that." We agree that counsel's statement amounted to a waiver of his objection on this issue. *See* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1615, at 76 (Supp. 1992); *Steel v. Bemis*, 121 N.H. 425, 428, 431 A.2d 113, 115 (1981).

We note, however, that even if the issue had been preserved, we find no merit in the plaintiff's argument. The judge did not endorse any limitation on the State's liability through the application of the discretionary function exception. He instructed the jury that if it found "that the employees of the Department of Transportation or any of them were negligent, you may impute that negligence to the State of New Hampshire. . . . [I]f you find any employee of the De-

partment of Transportation was negligent, then you may find that the State of New Hampshire was negligent." Further, the judge instructed that "if you find the State had any fault at all, was responsible in any way for these injuries, then you are to award full damages against the State . . . ." These instructions, if anything, served to benefit the plaintiff by excluding all of the State actors from any exception to the waiver of immunity. The judge also gave the standard instruction regarding the respective responsibilities of the judge and the jury. "It's my job now to instruct you as to what the law is and how you'll apply it to this case." Implicit in this statement is that the court, not the attorneys, informs the jury as to the law in the case. Further, the judge explicitly stated, that "[c]ounsels' statements to you both in opening and on the view and their closing arguments are not evidence."

█ Without deciding whether State's counsel's comments were improper, we conclude that the court's charge adequately cured any improper inferences that the jury might have formed as to the application of the discretionary function exception. *See State v. Blow*, 135 N.H. 640, 643, 608 A.2d 1309, 1311 (1992).

*Affirmed.*

All concurred.