USCA1 Opinion

 

 March 29, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2137 JAMES CENSULLO, ET AL., Plaintiffs, Appellees, v. BRENKA VIDEO, INC., Defendant, Appellant. ____________________ No. 92-2193 JAMES CENSULLO, Plaintiff, Appellant, v. BRENKA VIDEO, INC., Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _____________________ Robert E. Murphy, Jr., with whom Wadleigh, Starr, Peters, ______________________ _________________________ Dunn & Chiesa, was on brief for appellant Brenka Video, Inc. _____________ Vincent A. Wenners, Jr., with whom James W. Craig, and _________________________ _______________ Craig, Wenners, Craig & Casinghino, P.A., were on brief for ____________________________________________ appellee James Censullo. ____________________ March 29, 1993 ____________________ TORRUELLA, Circuit Judge. These appeals arise out of ______________ plaintiff James Censullo's suit for wrongful termination and other claims. Censullo won in a jury trial on the wrongful termination ground only. Appellant Brenka Video in appeal number 92-2137 asks this court to reverse the denial of its motions for directed verdict and judgment notwithstanding the verdict, and remand the case to enter judgment for Brenka Video on wrongful termination. Appellant James Censullo in appeal number 92-2193 first asks us to rule that Brenka Video was required to indemnify David Bowders, Censullo's immediate supervisor, for the amount awarded against him in default judgment. Censullo next asks us to reverse the exclusion of a newspaper article as hearsay. We affirm the judgments in both appeals. THE FACTS THE FACTS _________ On November 14, 1989, Censullo's wife gave birth to a gravely ill child in New Hampshire. The child was transferred to Boston Children's Hospital, accompanied by the Censullos. On November 20, the child underwent a six and one-half hour operation, following which his chances of survival were thought to be slim at best. The parents stayed at the hospital until after November 24. Brenka Video, a distributor of home videos, employed James Censullo, pursuant to an employment contract, as manager for the New England region until November 24, 1989. On that day, Censullo was contacted by his supervisor, David Bowders. Bowders sought to determine when Censullo would return to work. Censullo -3- explained that his son's condition was very serious, and thus he did not know when he would return to work. Bowders told Censullo that he needed to straighten out his priorities, and determine whether it would be "better to suffer one loss or two," referring to the losses of a son and a job. Censullo later called Bowders supervisor, David Perrier, who concurred that Censullo should separate his personal problems from his business responsibilities. Bowders called Censullo back, saying that Censullo would receive a telegram shortly as a result of the phone conversations and for "going over my head." The telegram which arrived later that day, stated that Censullo was terminated for poor performance. Brenka Video contends that Censullo had already been placed on probation because he needed frequent redirection, reprimand, and intervention by supervisors. On November 30, an article appeared in the Boston Globe entitled "A Heart of Stone" detailing Censullo's termination from Brenka Video. On the same day, Brenka Video reinstated Censullo and placed him on "administrative leave." Censullo did not comply with the terms of the administrative leave, and was terminated again on December 14. Censullo sued Brenka Video, Bowders, and Perrier for wrongful termination, breach of contract, and other claims. When Bowders failed to appear, the district court entered default judgment against him totaling $250,000. The district court also refused to require Brenka Video to indemnify Bowders for this -4- judgment. The case proceeded to trial against Perrier and Brenka Video. Censullo sought to introduce the article entitled "A Heart of Stone" to show Brenka Video's motive in rehiring him. The district court excluded the opinion portions of the article, but admitted the factual portions into evidence. The jury found for Censullo only on the wrongful termination claim, and assessed $73,000 in damages. The jury found for Brenka Video on the breach of contract claims. The district court denied Brenka Video's motions for directed verdict and for judgment notwithstanding the verdict. These appeals followed, and we address them in turn. APPEAL OF BRENKA VIDEO APPEAL OF BRENKA VIDEO ______________________ Brenka Video contends that the district court, upon motions for directed verdict and judgment notwithstanding the verdict, should have reversed the jury verdict for Censullo on wrongful termination. According to Brenka Video, only at-will employees can make a claim for wrongful termination, and Censullo could not have been an at-will employee. We review the district court's decisions on motions to direct a verdict and for judgment notwithstanding the verdict on the same standard. We examine the evidence in the light most favorable to the plaintiff, and determine whether there is a total lack of evidence in support of plaintiff's case. Mayo v. ____ Schooner Capital Corporation, 825 F.2d 566, 568 (1st Cir. 1987). ____________________________ The district court properly grants these motions when the -5- evidence allows a reasonable person to arrive at only one conclusion. Conway v. Electro Switch Corporation, 825 F.2d 593, ______ ___________________________ 598 (1st Cir. 1987). Under the governing law of New Hampshire, employees fall into two classes: contract employees and at-will employees. Panto v. Moore Business Forms, Inc., 547 A.2d 260, 267 (N.H. _____ ____________________________ 1988). Contract employees are limited in their remedies for breach by the terms of the contract. Id. In contrast, at-will ___ employees are limited in their remedies to claims for wrongful termination.1 Cloutier v. Great Atlantic & Pacific Tea Co., 436 ________ ________________________________ A.2d 1140, 1143 (N.H. 1981). Censullo was a contract employee until November 24. We must determine whether the evidence could support a finding that Censullo's status changed after November 24 to an at-will employee, such that the second termination could be wrongful. As the jury found a wrongful termination, we view the evidence in the light most favorable to this finding. In this light, the evidence sufficiently supports the jury finding. The president of Brenka Video sent Censullo a telegram on the same day that the "A Heart of Stone" article appeared. It informed Censullo that the initial termination had been reversed, ____________________ 1 While an employer has great discretion to terminate an at will employee, he may not do so when he is motivated by bad faith, malice or retaliation. Cloutier v. Great Atlantic & Pacific Tea ________ ____________________________ Co., 436 A.2d 1140, 1143 (N.H. 1981). To state a claim for ___ wrongful termination, the employee must also show that he was terminated for doing something that public policy would encourage, or refusing to do something that public policy would condemn. Id. As these elements of the wrongful termination ___ claim are not in dispute here, we discuss them no further. -6- that Censullo had not been removed from Brenka Video's payroll, could continue to cash his paychecks, and was relieved of his working responsibilities. The president assured Censullo that "I will personally get back to you." The next day, Censullo received a telegram from Brenka Video's controller explaining that Censullo had not at any time been removed from active employee status, but was considered to be on an indefinite administrative leave. When Censullo's "personal situation" was resolved, Censullo was to meet with Brenka Video to "discuss the conditions and standards" of continued employment. The controller asked Censullo to check in with Brenka Video regularly. In the ensuing period, Censullo did not contact Brenka Video. He cashed two paychecks and kept two others. He later explained that he considered himself at all times a terminated employee, and cashed two checks as severance pay. On December 14, Censullo received another communication terminating him for failure to comply with the administrative leave. Censullo's own views notwithstanding, we believe that the jury could find that Censullo became an at-will employee as a result of the telegrams from Brenka Video's principals. Those telegrams relieved Censullo of the job he had contracted to do, and placed him in a nebulous administrative leave status. The parties would later fix the terms of continued employment. As the telegrams contained no terms limiting Brenka Video's power to terminate Censullo, the jury reasonably could find that the -7- telegrams created an at-will relationship. Brenka Video asserts that while the telegrams could constitute an offer of at-will employment status, such status was not effective until Censullo accepted the offer, which he never did. While we agree that Censullo bore the burden of showing acceptance of the offer, see Panto, 547 A.2d at 264, we disagree ___ _____ as to whether Censullo actually met his burden. In Panto, the _____ New Hampshire Supreme Court found that an employee accepted a change in employment status by merely performing as called for by the change. Id. at 265. In this case, the jury could find that ___ Censullo had accepted the change in status by doing nothing and cashing his paychecks, which is what the telegram asked him to do. Censullo did not comply with the telegram from Brenka Video's controller urging Censullo to check in with the company periodically. The letter from Brenka Video's president, however, indicated that the company would be in touch with Censullo. The jury could have determined that the letter from the president more accurately stated the requirements of the change in status. The jury could have found from the evidence presented at trial that Censullo became an at-will employee after November 24. Therefore, a finding of wrongful termination was proper. The district court did not err in failing to grant Brenka Video's motions for directed verdict and for judgment notwithstanding the verdict. APPEAL OF JAMES CENSULLO APPEAL OF JAMES CENSULLO ________________________ Censullo's first argument on appeal is that Brenka -8- Video is vicariously liable for the tort of intentional infliction of emotional distress committed by its employee David Bowders. Censullo's current claim of vicarious liability deviates from his original claim of indemnification. We address it in an abundance of caution, however, noting that Censullo's complaint at least contained an allegation of respondeat superior. For reasons that parallel those of the district court, we find the current claim meritless. Censullo presented this issue to the district court in a "Motion to Assess Damages and for Indemnification," seeking to recover for the default against Bowders through indemnification of Bowders from Brenka Video. The district court denied the motion because Censullo cited no authority for the proposition that an employer must indemnify an employee. The district court noted that normally, when the negligence of an agent is imputed to the principal, the principal may recover from the agent the amount paid as indemnification. Furthermore, the district court already ruled that the state workmen's compensation scheme barred Censullo from recovering from Brenka Video for the intentional infliction of emotional distress. The court thus found that granting the motion would allow Censullo to recover indirectly from Brenka Video when he could not do so directly. The district court correctly found that the workmen's compensation statute bars employees from suing their employers for personal injuries arising out of the employment relationship. O'Keefe v. Associated Grocers of N.E., Inc., 424 A.2d 199, 201 _______ _________________________________ -9- (N.H. 1980). Emotional distress is a personal injury, not subject to recovery in a common law action under state workmen's compensation statute. See Bourque v. Town of Bow, 736 F. Supp. ___ _______ ___________ 398, 404 (D.N.H. 1990). The district court also correctly held, in granting the default judgment, that Censullo could sue his co-employee acting as a supervisor for intentional infliction of emotional distress. Thompson v. Forest, 614 A.2d 1064, 1067 (N.H. 1992) (under ________ ______ workmen's compensation scheme, co-employee not immunized from suit for intentional torts). While Thompson authorizes Censullo ________ to raise a claim of intentional infliction of emotional distress against his co-employee Bowders, it does not authorize such an action against Brenka Video, his employer. Indeed, according to a leading commentator, "when the intentional injury is committed by a co-employee the better rule is that an action in damages will not lie against the employer . . . ." 2A Arthur Larson, The ___ Law of Workmen's Compensation 68.00 (1992). Because we find ______________________________ that Censullo has not stated a valid claim on vicarious liability, we affirm the district court's order. Censullo's second argument, the only one remaining in this appeal, relates to the admission of the newspaper article entitled "A Heart of Stone." As Censullo conceded that resolution of this issue is unnecessary unless we were to remand the case for a new trial, and we have found no reason to do so, we do not reach this issue. CONCLUSION CONCLUSION __________ -10- Cases 92-2137 and 92-2193 are dismissed. -11-