**Richard A. GILBERT, et al.**

v.

**ESSEX GROUP, INC.**

**Civil No. 93–256–JD.**

United States District Court,
D. New Hampshire.

Dec. 8, 1993.

R. Peter Taylor, McNeill & Taylor, P.A., Dover, NH, Donald M. Redden, Brentwood, NH, for Richard A. Gilbert, Marjorie J. Gilbert.

Edward A. Haffer, Sheehan, Phinney, Bass & Green, P.A., Manchester, NH, Roberta Recker, Baker & Daniels, Indianapolis, IN, for Essex Group, Inc.

## ORDER

DiCLERICO, Chief Judge.

The plaintiffs, Richard A. Gilbert and Marjorie J. Gilbert, brought a six count action against the defendant, Essex Group, Inc. The plaintiffs alleged wrongful discharge, breach of contract, deceit, negligence, age discrimination, and intentional infliction of severe emotional distress.[1] Pursuant to Fed.

---

1. In the complaint, the plaintiffs alleged the defendant violated both federal and state age discrimination laws. Complaint, ¶ 22. The plaintiffs subsequently abandoned the claim that the

R.Civ.P. 12(b)(6), the defendant moves to dismiss (document no. 14).[2] For the following reasons, the court grants in part the defendant's motion to dismiss.

## Background

In 1956, Richard A. Gilbert was hired by the defendant's predecessor. Until his discharge in November of 1992, Gilbert worked as a production supervisor for the defendant in its Suflex Products Plant in Newmarket, New Hampshire.

## Discussion

A motion to dismiss under Fed. R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Accordingly, the court must take the factual averments contained in the complaint as true, "indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992); *see also Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). Great specificity in a complaint is not required to survive a Rule 12(b)(6) motion. "[I]t is enough for a plaintiff to sketch an actionable claim by means of 'a generalized statement of facts from which the defendant will be able to frame a responsive pleading.' " *Garita Hotel Ltd. Partnership,* 958 F.2d at 17 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990)). In so doing, however, the plaintiff cannot rely on "bald assertions, unsupportable conclusions, and 'opprobrious epithets.' " *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.) (quoting *Snowden v. Hughes,* 321 U.S. 1, 10, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944)),

*cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) " 'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.' " *Garita Hotel Ltd. Partnership,* 958 F.2d at 17 (quoting *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)).

### A. Count I—Wrongful Discharge:

Under early common law, an employer was free to terminate with or without cause the employment of an at-will employee. *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549, 551 (1974). In recent years, courts have curbed the employer's unfettered right by permitting an at-will employee to bring an action for wrongful discharge if the employee establishes (1) the employer was motivated by "bad faith, malice, or retaliation" in terminating the employment and (2) the employee was discharged for performing an act which public policy encourages or refusing to perform an act which public policy condemns. *Short v. School Admin. Unit No. 16,* 136 N.H. 76, 612 A.2d 364, 370 (1992); *Cloutier v. Great Atl. & Pac. Tea Co., Inc.,* 121 N.H. 915, 436 A.2d 1140, 1143–44 (1981).

The public policy the employee alleges was violated need not be statutorily based. *Cilley v. New Hampshire Ball Bearings, Inc.,* 128 N.H. 401, 514 A.2d 818, 821 (1986) (citing *Cloutier,* 436 A.2d at 1144). The existence or nonexistence of a public policy is ordinarily a question of fact for a jury. *Short,* 612 A.2d at 370; *see, e.g., Cilley,* 514 A.2d at 821 (employee's refusal to lie to company president presented question of fact for jury to determine if employee's termination resulted from act public policy encourages); *Cloutier,* 436 A.2d at 1144–45 (employee's act furthered public policy of protecting employees he supervised); *Cham-*

---

defendant violated N.H.Rev.Stat.Ann. ("RSA") § 354–A. Plaintiffs' Brief and Memorandum of Law in Support of Plaintiffs' Objection to Motion to Dismiss ("Plaintiffs' Memorandum") at 1, 9.

**2.** The defendant did not seek to dismiss the count alleging a violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C.A. § 621 *et seq.* (West 1985 and Supp.1993). The defendant has answered by way of defenses (1) the plaintiffs

have failed to plead exhaustion of administrative procedures, (2) Richard Gilbert was terminated for good cause, (3) the ADEA provides the type of damages recoverable, and (4) the plaintiffs have failed to mitigate their damages. Answer of Essex Group, Inc. at 3. The defendant also denied the averments contained in count V alleging a violation of the ADEA. *Id.* at 2.

*berlin v. 101 Realty, Inc.,* 626 F.Supp. 865, 867 (D.N.H.1985) ("public policy would condemn the acceptance of sexual harassment by an employee as a means of retaining employment"). When appropriate, however, the court may rule as a matter of law that a public policy exists or does not exist. *Short,* 612 A.2d at 370 (as a matter of law, teacher-consultant's refusal to criticize his superior in public not basis of a public policy).

Richard Gilbert alleges he suffered damages as a result of his wrongful discharge from employment. Complaint, ¶¶ 5, 7. According to the plaintiffs, the defendant was motivated by "bad faith, malice, and age discrimination" and discharged Richard Gilbert because he was "59 years of age, was receiving a relatively high salary, and was not a part of a group of young managers running the Suflex Products Plant." *Id.* at ¶ 6. The plaintiffs claim the public policies implicated in this case are not only age discrimination, but also higher productivity of workers and reduction of public assistance, social security, and medicaid costs. Plaintiffs' Memorandum at 4.

As the defendant suggests in its Reply Brief in Support of Essex Group's Motion to Dismiss at 2–3, the court's inquiry is not whether the discharged employee articulates a public policy. Rather the court examines whether the employee alleges he was discharged for performing an act which public policy encourages or refused to perform an act which public policy condemns. *Cloutier,* 436 A.2d at 1144; *Howard v. Dorr Woolen Co.,* 120 N.H. 295, 414 A.2d 1273, 1274 (1980). As the *Howard* court noted, an employee's status or condition such as ill-health or age are not acts the employee performs or refuses to perform. 414 A.2d at 1274. "The proper remedy for an action for unlawful age discrimination is provided for by statute." *Id.* While higher productivity and keeping individuals off public assistance might be laudable public policy goals, they are not acts employees perform or refuse to perform. As a matter of law, the plaintiffs' pleadings fail

to establish Richard Gilbert performed an act which public policy encourages or refrained from performing an act which public policy condemns. The court dismisses count I.

## B. Count II—Breach of Contract:

In count II of the complaint, the plaintiffs restated the allegations in count I and further alleged the defendant contracted to employ Richard Gilbert for five and one-half years, Richard Gilbert relied on this contract, the defendant breached the contract by terminating Richard Gilbert's employment without good cause, and as a result of the breach, Richard Gilbert suffered damages including lost wages, benefits, and attorney's fees.[3] Complaint at ¶¶ 8–12. The defendant asserts the contract claim lacks a "minimally sufficient factual predicate" and the defendant "should not be forced to respond to such vague unsupported conclusions." Brief in Support of Essex Group's Motion to Dismiss at 7. In the alternative, the defendant argues because the plaintiffs did not allege a written contract, the plaintiffs are pursuing a breach of an oral contract for five and one-half years employment which would not be enforceable under the New Hampshire statute of frauds, RSA § 506:2.

In the complaint, the plaintiffs must set forth a short and plain statement of the claim demonstrating entitlement to relief. Fed.R.Civ.P. 8(a). The purpose of the complaint is to alert the defendant of the plaintiffs' claim and the basis of the claim. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993). The plaintiffs must set forth factual allegations directly or inferentially to support their claim for relief. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). When viewing the complaint in light of a 12(b)(6) motion, the court "indulges every reasonable inference helpful to the plaintiff[s'] cause." *Garita Hotel Ltd. Partnership,* 958 F.2d at 17.

The First Circuit has recently noted the need for requiring some level of particularity or specificity in a complaint. *Boston &*

---

**3.** Under New Hampshire law, an employee can be employed as a contract employee or an at-will employee. A contract employee is limited to contract remedies for breach of contract and an at-will employee is limited to remedies for wrongful termination. *Censullo v. Brenka Video, Inc.,* 989 F.2d 40, 42 (1st Cir.1993). The plaintiff may plead alternative claims. Fed.R.Civ.P. 8(e).

*Maine Corp.*, 987 F.2d at 865. The First Circuit noted three concerns weighing in favor of greater specificity: (1) general complaints do not provide defendants with fair notice of the basis of a claim; (2) costs of litigation continue to increase; and (3) the "burgeoning caseload crisis in the district courts weigh in favor of earlier disposition of baseless claims." *Id.* Greater specificity is easily attainable by providing the parties with the opportunity to amend their pleadings under Fed.R.Civ.P. 15(a). *See id.*

These concerns are implicated in this case where the plaintiffs have not alleged the existence of a writing and an oral contract for employment for a period of greater than one year is not enforceable under New Hampshire's statute of frauds, RSA § 506:2. Section 506:2 provides:

No action shall be brought to charge an executor or administrator upon a special promise to answer damages out of his own estate or to charge any person upon a special promise to answer for the debt, default or miscarriage of another, or upon any agreement made in consideration of marriage or that is not to be performed within one year from the time of making it, unless such promise or agreement, or some note or memorandum thereof, is in writing and signed by the party to be charged or by some person authorized by him.

An oral employment contract for five and one-half years would be unenforceable under the statute of frauds. *See id.* If the plaintiffs are unable to allege the existence of a writing embodying the parties' agreement to employ Richard Gilbert for five and one-half years, the court will dismiss this claim.

With the First Circuit's concerns in mind, the court believes the plaintiffs should have the opportunity to amend their complaint alleging a writing if such allegation can in good faith be made, failing which the court will dismiss count II.

### C. Counts III, IV, and VI (The Tort Claims):

As a preliminary matter, the court addresses the type of injuries for which the plaintiffs may recover in tort. In counts III, IV, and VI of the complaint, the plaintiffs allege Richard Gilbert suffered "emotional and psychological injuries, incurred and will incur healthcare expenses, and lost and will lose substantial income, healthcare, retirement, and other benefits plus attorney's fees." Complaint at ¶¶ 15, 19, 27. The plaintiffs also allege Marjorie Gilbert has "incurred significant and ongoing damages, including loss of her husband's consortium and attorney's fees." Complaint at ¶¶ 16, 20, 28. The defendant asserts the New Hampshire workers' compensation law bars the plaintiffs' personal injury claims.

New Hampshire's workers' compensation law provides:

I. An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and, on behalf of the employee or the employee's personal or legal representatives, to have waived all rights of action whether at common law or by statute or otherwise:

(a) Against the employer or the employer's insurance carrier or an association or group providing self-insurance to a number of employers; and

(b) Except for intentional torts, against any officer, director, agent, servant or employee acting on behalf of the employer or the employers's insurance carrier or an association or group providing self-insurance to a number of employers.

II. The spouse of an employee entitled to benefits under this chapter, or any other person who might otherwise be entitled to recover damages on account of the employee's personal injury or death, shall have no direct action, either at common law or by statute or otherwise, to recover for such damages against any person identified in subparagraph I(a) or (b).

RSA § 281–A:8 (Supp.1992). Section 281–A:2 XI defines "injury" or "personal injury" in pertinent part as an "accidental injury or death arising out of and in the course of employment ... [and] shall not include diseases or death resulting from stress without physical manifestation." The workers' compensation law therefore bars an employee's common law action for personal injuries in-

cluding emotional distress arising out of an employment relationship. *See, e.g., Censullo v. Brenka Video, Inc.*, 989 F.2d 40, 43 (1st Cir.1993) (construing RSA § 281:12, the predecessor to RSA § 281–A:8); *Bourque v. Town of Bow*, 736 F.Supp. 398, 403–404 (D.N.H.1990) (same); *see also Godfrey v. Perkin–Elmer Corp.*, 794 F.Supp. 1179, 1187 n. 8 (D.N.H.1992); *Brewer v. K.W. Thompson Tool Co., Inc.*, 647 F.Supp. 1562, 1565 (D.N.H.1986). This statute has also been held to bar an employees recovery for personal injuries in a wrongful discharge action. *Godfrey*, 794 F.Supp. at 1187 n. 8; *Bourque*, 736 F.Supp. at 403–404. The plaintiffs' claims for economic injuries such as the lost income, loss of retirement, healthcare and other benefits allegedly suffered as a result of Richard Gilbert's termination are not barred by RSA § 281–A:8. *Godfrey*, 794 F.Supp. at 1187 n. 8 (construing RSA § 281–A:8); *see also Brewer*, 647 F.Supp. at 1565 (construing RSA § 281:12, the predecessor to RSA § 281–A:8).

■ The workers' compensation law also bars Marjorie Gilbert's loss of consortium claim. *See Young v. Prevue Prod., Inc.*, 130 N.H. 84, 534 A.2d 714 (1987) (upholding the constitutionality of RSA § 281:12, a statute which bars a spouse's consortium claim and whose language mirrors RSA § 281–A:8). The workers' compensation law, RSA § 281–A:8 provides in pertinent part:

> The spouse of an employee entitled to benefits under this chapter ... shall have no direct action, either at common law or by statute or otherwise, to recover for such damages against any person identified in subparagraph I(a) and (b).

By its very terms, RSA § 281–A:8 precludes a spouse's loss of consortium claim.

### 1. *Count III—Deceit:*

■ In count III, the plaintiffs restated the allegations set forth in counts I and II and further alleged the defendant "breached its representations to [Richard Gilbert] by terminating his employment without good cause[,]" and this breach caused him to suffer economic damages. Complaint at ¶¶ 13–15. The defendant asserts the plaintiffs failed to adequately allege a claim for deceit under New Hampshire law or the Federal Rules of Civil Procedure.

■ A party must aver with particularity claims of fraud or deceit. *See* Fed. R.Civ.P. 9(b). To survive a motion to dismiss, the complaint "must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions." *Alexander v. Fujitsu Business Communication Sys., Inc.*, 818 F.Supp. 462, 467 (D.N.H.1993) (citation and quotations omitted). Under New Hampshire law, the elements of deceit are: "(1) the defendant misrepresented a material fact to the plaintiff, knowing it to be false; (2) the defendant did so with fraudulent intent that the plaintiff act on it; and (3) that the plaintiff, without knowledge of its falsity, detrimentally relied on the misrepresentation." *Id.*

The complaint fails to allege specifically the defendant misrepresented a material fact, knowing the fact to be false, or the defendant made the misrepresentation with the fraudulent intent that Richard Gilbert act upon it. At best, the complaint only alleges the defendant misrepresented it would employ Richard Gilbert for five and one-half years and he relied on this misrepresentation to his detriment. Without such specific averments of all the elements of deceit, count III cannot withstand the motion to dismiss.

### 2. *Count IV—Negligence:*

■ In count IV, the plaintiffs restated the allegations in counts I and II and further alleged the defendant breached its duties to Richard Gilbert by terminating his employment without good cause and as a result of this breach of duty, Richard Gilbert suffered economic damages. Complaint at ¶¶ 17, 18, 19. The defendant asserts the plaintiffs have failed to adequately allege a negligence claim under New Hampshire law.

■ The plaintiffs must set forth a short and plain statement of the negligence claim demonstrating entitlement to relief. *See* Fed.R.Civ.P. 8(a). However, to avoid dismissal, the plaintiffs must adequately allege the elements of a negligence claim. *Proctor v. Bank of New Hampshire, N.A.*, 123 N.H. 395, 464 A.2d 263, 266 (1983). Un-

**690**

der New Hampshire law, the elements of a negligence claim, are (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, and (3) as a result of the breach, the plaintiff suffered injuries. *Caliri v. State of New Hampshire Dep't of Transp.*, 136 N.H. 606, 620 A.2d 1028, 1031 (1993); *Proctor*, 464 A.2d at 266.

While the plaintiffs have inferentially alleged the defendant had a duty not to terminate Richard Gilbert without good cause and the defendant breached this duty, the plaintiffs have failed to direct the court's attention to any citation supporting New Hampshire's recognition of such a duty.[4] The duty not to discharge an employee without good cause contravenes an employer's common law right to terminate an at-will employee. While New Hampshire has restricted an employer's ability to discharge an at-will employee, it does not recognize an employer's duty not to terminate an employee without good cause. The court dismisses count IV.

*3. Count VI—Intentional Infliction of Emotional Distress:*

■ In count VI, the plaintiffs restated the allegations in counts I and II and further alleged the defendant "breached its representations to [Richard Gilbert] by terminating his employment without good cause[,] . . . indulged in a course of abusive and stressful behavior directed towards" Richard Gilbert prior to his termination and caused Richard Gilbert to suffer injuries. Complaint at ¶¶ 24–27.

The court has previously found the plaintiffs are precluded by the workers' compensation law, RSA § 281–A:8, from seeking recovery for emotional distress arising out of Richard Gilbert's employment relationship or for his allegedly wrongful discharge. *See Censullo*, 989 F.2d at 43–44 (construing RSA § 281:12 and holding "[e]motional distress is a personal injury, not subject to recovery in a common law action under state workmen's compensation statute."); *Bourque*, 736

F.Supp. at 403–404 (construing RSA § 281:12). The court therefore dismisses count VI.

*D. Count V—Age Discrimination:*

In count V, the plaintiffs restated the allegations in counts I and II and further alleged the defendant violated the ADEA by terminating Richard Gilbert's employment because of his age. Complaint at ¶¶ 21, 22. As a result, Richard Gilbert allegedly suffered personal and economic injuries. *Id.* at ¶ 23.

■ Before a party may bring an action in federal court alleging an ADEA violation, he must pursue administrative procedures established by statute. 29 U.S.C.A. § 626(d). Section 626(d) provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred; or
>
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged wrongful practice occurred, or within 30 days after the receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C.A. § 626(d). Failure to allege exhaustion of administrative remedies forecloses an action under the ADEA. *Gibson v. State of Wisconsin Dep't of Health*, 489 F.Supp. 1048, 1049–50 (E.D.Wis.1980). The court may therefore dismiss a claim for relief

---

**4.** The plaintiffs assert the defendant owed "all of its employees, a duty of due care in its maintenance of the employment relation. If it had to terminate the employment of an employee for good reason, then it had the duty of handling the termination in a way that would cause the least

trauma to the displaced employee." Plaintiffs' Memorandum at 9. The plaintiffs fail to direct the court's attention to any citation of law supporting this duty of care. Moreover, the court's inquiry is limited to examining the duty the plaintiffs alleged in the complaint.

under the ADEA for failure to plead exhaustion. *Id.*

While the defendant did not request the court to dismiss this count and chose to file an answer alleging the plaintiffs failed to plead exhaustion of administrative procedures, the court believes in the interest of judicial economy, the plaintiffs should be given leave to amend their complaint. If the plaintiffs cannot allege in good faith. they exhausted the administrative procedures as set forth in 29 U.S.C.A. § 626(d), the court will dismiss count V. *See Gibson,* 489 F.Supp. at 1049–50.

### Conclusion

The court grants the defendant's motion to dismiss (document no. 14) with the exception of counts II and V. The plaintiffs are granted leave to amend counts II and V on or before December 30, 1993 to correct the deficiencies noted herein, failing which said counts will be dismissed.

SO ORDERED.