Frazier v. ECCO USA                    CV-98-109-SD   04/30/98

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Christine Frazier


     v.                                    Civil No. 98-109-SD


ECCO USA;
A/S ECCOLET SKO;
Stephen Baer;
John Bateson;
Barbara Briguglio


                            O R D E R


     Plaintiff has brought this civil action against her former

employer, defendants ECCO USA and A/S ECCOLET SKO (ECCO/ECCOLET),

and former supervisors, defendants Stephen Baer, John Bateson,

and Barbara Briguglio, alleging sexual discrimination, sexual

harassment, defamation, wrongful termination, and tortious

interference with advantageous business relations.  Before the

court is defendants' motion for partial judgment on the

pleadings.

     First, ECCO/ECCOLET seeks judgment on plaintiff's claims

under New Hampshire Revised Statutes Annotated (RSA) 354-A.  As

this court has held repeatedly, that statute does not permit a

private right of action, Preyer v. Dartmouth College, 968 F.

Supp. 20, 26 (D.N.H. 1997), and accordingly the court grants judgment on the portions of Counts I, II, and III based on RSA 354-A.

Second, ECCO/ECCOLET seeks judgment on plaintiff's wrongful discharge claim. One of the elements of a wrongful discharge claim is that the "employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn." Lowry v. Cabletron Systems, 973 F. Supp. 78, 82-83 (D.N.H. 1997). Here, plaintiff claims that defendants knew she had obtained information regarding illegal acts committed by other employees at ECCO/ECCOLET. Thus plaintiff alleges defendants terminated her out of fear that she would expose that conduct. In addition to appearing patently unlikely that defendants would attempt to secure plaintiff's silence about the illegal conduct by terminating her, plaintiff has merely alleged that she was terminated because her employers feared that she might perform an act that public policy would encourage. However, she never in fact blew the whistle, so plaintiff's complaint does not allege that she was terminated in retaliation for performing an act that public policy would encourage. Thus defendants are entitled to judgment on plaintiff's wrongful discharge claim.

2

Third, ECCO/ECCOLET seeks judgment on plaintiff's breach of employment contract claim on the ground that it is subsumed by her wrongful discharge claim. However, in Gilbert v. Essex Group, Inc., 930 F. Supp. 683, 687 n.3 (D.N.H. 1993), this court said:

> Under New Hampshire law, an employee can be employed as a contract employee or an at-will employee. A contract employee is limited to contract remedies for breach of contract and an at-will employee is limited to remedies for wrongful termination. The plaintiff may plead alternative claims.

(Internal quotations omitted.) Thus defendants are not entitled to judgment on plaintiff's breach of contract claim.

Fourth, defendants Baer, Bateson, and Briguglio seek judgment on plaintiff's intentional infliction of emotional distress claim on the ground that "[a]s a matter of law, workplace gossip may constitute actionable defamation, but it does not rise to the level of intentional infliction of emotional distress." Defendants' Memorandum at 4-5. Even accepting as accurate defendants' unsupported and gross generalization, plaintiff alleges conduct going beyond mere workplace gossip, including physical and verbal sexual harassment. See, e.g., Complaint ¶¶ 26, 27. Defendants assert an alternate ground, arguing that this court has held, in Demeo v. Goodall, 640 F. Supp. 1115, 1116 (D.N.H 1986), that an action for intentional

3

infliction of emotional distress may not be maintained concurrently with an action for defamation. However, defendants have mischaracterized that holding. The court did not hold that any time a plaintiff brings an action for defamation he cannot also bring a separate action for intentional infliction of emotional distress. Rather, the court held that a plaintiff cannot concurrently bring an action for defamation and an action for emotional distress based solely on the same defamatory language. Here, the plaintiff's claim for emotional distress is not based solely on the defamatory language that grounds her defamation claim, but, as discussed above, is based in part on both verbal and physical sexual harassment. Thus defendants are not entitled to judgment on plaintiff's intentional infliction of emotional distress claim.

For the foregoing reasons, defendants' motion for partial judgment on the pleadings is granted only as to the RSA 354-A claims of Counts I, II, and III, and the wrongful discharge claim of Count IV.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 30, 1998
cc:    Anthony M. Ambriano, Esq.
       Martha V. Gordon, Esq.

4