**Not for Publication in West's Federal Reporter --**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 05-2204

JEFFREY JORDAN,

Plaintiff, Appellant,

v.

VERIZON NEW ENGLAND, INC. AND
VERIZON SERVICES CORP.,

Defendants, Appellees.

---

[Hon. Steven J. McAuliffe, U.S. District Judge]

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

---

Before

Howard, Circuit Judge,
Coffin and Campbell, Senior Circuit Judges.

---

Penny S. Dean for appellant.
Arthur G. Telegen with whom Laura Bernardo and Foley Hoag LLP
were on brief for appellees.

---

May 11, 2006

---

**Per curiam**.  After review of the briefs, record, and relevant case law, we have concluded that the district court properly dismissed appellants' claims for the reasons articulated in its Order of July 5, 2005.  In very brief summary, we note that, as an employee subject to a collective bargaining agreement ("CBA"), appellant has no cause of action for wrongful discharge under New Hampshire law.  See Censullo v. Brenka Video, Inc., 989 F.2d 40, 42 (1st Cir. 1993).  Moreover, any such claim, as well as any related claim for intentional infliction of emotional distress, would require review of appellant's contractual rights under the CBA and thus would be preempted.  See Flibotte v. Penn. Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997).

Although some state law claims may be brought by employees covered by collective bargaining agreements, see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 n.8, 413 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211-13 (1985), that opportunity is of no aid to appellant.  His asserted causes of action do not implicate specific, independent state law protections, such as against retaliation for filing a worker's compensation claim.  See, e.g., Lingle, 486 U.S. at 406-10.  Although his complaint makes passing reference to defamation and other possible state law claims, he neither alleged nor argued such causes of action in the district court; we consequently have no

-2-

occasion to consider whether they would be sufficiently distinct to avoid preemption.

Finally, the alleged constitutional violations are, to quote the district court, "curious claims, given the fact that his former employer is a private, rather than governmental, entity."

<u>Affirmed</u>.