Sheppard v. River Valley Fitness        CV-00-111-M    05/18/00
                 UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Mary Chris Sheppard
and Robert Sheppard,
      Plaintiffs

      v.                                    Civil No. 00-111-M
                                            Opinion No. 2000 DNH 122
River Valley Fitness One, L.P.
d/b/a River Valley Club,
River Valley Fitness GP, L.L.C.,
River Valley Fitness Associates, Inc.,
Joseph Asch, and Elizabeth Asch,
      Defendants


                        **O R D E R**


      Mary Chris Sheppard brings this action pursuant to Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.,

seeking compensation for defendants' alleged acts of sexual

harassment and unlawful retaliation.  She also brings state law

claims for assault and intentional interference with advantageous

relationships, over which she asks the court to exercise

supplemental jurisdiction.  See 28 U.S.C. § 1367.  Her husband,

Robert, seeks damages for loss of consortium.  See N.H. Rev.

Stat. Ann. ("RSA") 506:8-a.  And, finally, with regard to their

state law claims, both Sheppard and her husband seek "enhanced compensatory" damages, a state law remedy available when a defendant's conduct is shown to have been "wanton, malicious, or oppressive."  See generally Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 73 (1972).

River Valley Fitness One L.P., d/b/a River Valley Club, River Valley Fitness GP, L.L.C. (the "LLC"), and River Valley Fitness Associates, Inc. ("Fitness Associates") move to dismiss several counts of plaintiffs' complaint, alleging that they fail to set forth viable causes of action.  See Fed. R. Civ. P. 12(b)(6).  Plaintiffs object.

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, "the

2

material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983). See also The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 15 (1st Cir. 1989). "[D]ismissal is appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Roeder v. Alpha Industries, Inc., 814 F.2d 22, 25 (1st Cir. 1987)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## Background

River Valley Club is a Delaware limited partnership, with 55 limited partners. From its inception through September 22, 1998, Fitness Associates acted as its general partner. After that date, the LLC became the general partner. Plaintiffs allege that defendant Elizabeth Asch is the sole owner/member of the LLC. They also say that defendant Joseph Asch holds himself out to be

3

a general partner of River Valley Club (presumably acting as an additional general partner, along with the LLC).

In March of 1998, Sheppard was hired by River Valley Club as a personal trainer. Approximately five months later, she was promoted to fitness director. She claims that beginning in June of 1998, defendant Joseph Asch began sexually harassing her and other female employees of the club. Sheppard claims to have complained to the club's general manager about Asch's inappropriate conduct and says she was told to document Asch's behavior. Sheppard claims that she made at least one other oral complaint about Asch's conduct before filing a complaint with the EEOC, in September of 1998.

Sheppard says that shortly after she reported Asch's inappropriate conduct, Asch began to retaliate against her "by having staff members and others undermine and subtly threaten" her. Second amended complaint, at para. 24. And, in November of 1998, the club's general manager reported her complaints of

4

sexual harassment to the club's attorney. Also in November, Sheppard wrote a letter to the club, saying that she would be forced to resign if Asch's conduct was not remedied. On November 24, 1998, Sheppard filed a sexual harassment complaint against River Valley Club with the New Hampshire Commission for Human Rights and the EEOC.

At some point in November of 1998, Sheppard "went on leave due to the stress caused by the sexual harassment and retaliation." Second amended complaint, at para. 31. When she returned, she says she asked whether anything would be done to address Asch's allegedly wrongful conduct. She claims the club's manager told her that nothing could or would be done because "Joe is Joe. If you can't deal with it, you should leave." Second amended complaint, at para. 31. Sheppard says she was constructively discharged and forced to resign. Two months later, however, plaintiffs met with Joseph and Elizabeth Asch and asked that Sheppard be rehired at the club. That request was denied.

5

Plaintiffs say that in September of 1999, "the Equal Opportunity Commission issued a Determination finding that the evidence obtained during the Commission's investigation established that River Valley Club created a sexually hostile work environment for Ms. Sheppard." Plaintiffs' memorandum (attached to document no. 20), at 4. They also allege that the EEOC concluded that River Valley Club "retaliated against Ms. Sheppard in violation of Title VII of the Civil Rights Act." Id. Finally, they say that the EEOC issued the same findings with respect to the LLC. Id.

In March of 2000, plaintiffs filed suit against defendants in state court. That action was removed to this court and defendant River Valley Club filed five counterclaims against Sheppard. Those counterclaims generally allege that both before and following her resignation, Sheppard undertook a series of "surreptitious actions designed to undermine [River Valley Club] and extort continuing employment from [River Valley Club] and,

6

after resignation, payment of an unjust 'settlement.'"  River

Valley Club's Counterclaims, at para. 1.


**Discussion**

I.  Count One and Two - Title VII.

Fitness Associates and the LLC move to dismiss Shepard's

Title VII claims, saying that they were never her "employer," as

that term is used in the statute, and therefore are not proper

defendants in a Title VII suit.  Sheppard disputes that

assertion, saying that River Valley Club, Fitness Associates, and

the LLC all acted as a "single employer."  Accordingly, Sheppard

claims she has stated a viable Title VII claim against each of

them.


This court has previously addressed, in detail, the so-

called "single employer" doctrine, distinguished it from the

related concept of "joint employer," and discussed its

application in the context of a Title VII suit.  See, e.g., March

v. Technical Employment Services, Inc., No. 98-636-M (D.N.H.

7

March 3, 2000); <u>Curran v. Morrissette</u>, No. 97-547-M (D.N.H. July 1, 1999).

At this stage, it is sufficient to note that the court is not called upon to consider the relative merits of plaintiffs' claims. Instead, it need only determine whether their second amended complaint alleges facts which, if proved, would support a cognizable theory of recovery. It does. Whether plaintiffs can actually demonstrate that defendants were, in fact, a single employer is an issue that will be addressed at a later date.

If credited as true, the factual allegations set forth in plaintiffs' second amended complaint describe a legally cognizable theory of recovery under Title VII against River Valley Club, Fitness Associates, and the LLC. Consequently, the motion to dismiss count one (sexual harassment) and count two (retaliation) of plaintiffs' complaint submitted by defendants Fitness Associates and the LLC is necessarily denied.

II.  Count Three - Common Law Assault.

River Valley Club, Fitness Associates, and the LLC next move to dismiss count three of plaintiffs' complaint (common law assault), alleging that such a claim is barred by the exclusivity provisions of New Hampshire's Workers' Compensation Act, RSA 281-A.  That statute provides, in relevant part, as follows:

> An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and, on behalf of the employee or the employee's personal or legal representatives, to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise:
>
> (a)  Against the employer or the employer's insurance carrier or an association or group providing self-insurance to a number of employers; and
>
> (b)  Except for intentional torts, against any officer, director, agent, servant or employee acting on behalf of the employer or the employer's insurance carrier or an association or group providing self-insurance to a number of employers.

RSA 281-A:8 I.

9

Notwithstanding their earlier denials (in the context of Sheppard's Title VII claims), River Valley Club, Fitness Associates, and the LLC all seem to agree that, at least for purposes of plaintiffs' state law claims, they were Sheppard's employer (and so are shielded from liability by the exclusivity provisions of the Workers' Compensation Act).

New Hampshire's Workers' Compensation Act precludes an employee from pursuing common law claims for both negligent and intentional torts against his or her employer. See Miller v. CBC Companies, Inc., 908 F.Supp. 1054, 1068 (D.N.H. 1995). See also O'Keefe v. Associated Grocers of N.E., Inc., 120 N.H. 834, 835-36 (1980); Censullo v. Brenka Video, Inc., 989 F.2d 40, 43-44 (1st Cir. 1993). Plainly, therefore, Sheppard's assault claim against River Valley Club, the entity all seem to acknowledge was her employer, is barred.

Sheppard's assault claim against Fitness Associates and the LLC is also barred. First, it is important to note that Sheppard

10

alleges that those entities are vicariously liable for the assault(s) allegedly committed by Joseph Asch on a theory of respondent superior. See Second amended complaint, at para. 59. But, if as Sheppard claims (and as defendants seem to agree, at least for purposes of this count), those entities were her employer, the common law assault claim against them is barred under the Workers' Compensation Act. Sheppard concedes as much in her objection. See Plaintiffs' objection to motion to dismiss (document no. 20) at para. 2.

Alternatively, if Fitness Associates and/or the LLC were not Sheppard's employer (e.g., if plaintiffs fail to demonstrate that they, along with River Valley Club, were a "single employer"), the complaint fails to allege sufficient facts to support any claim that they could be liable for having allegedly tolerated or otherwise condoned Asch's allegedly unlawful conduct. In short, if Fitness Associates and the LLC were Sheppard's employer, her assault claim is barred by the Workers' Compensation Act. If they were not her employer, the complaint fails to allege a

11

viable cause of action against them for common law assault.  In either event, count three of plaintiffs' complaint fails to set forth a viable claim against those defendants.

III. <u>Count V - Enhanced Compensatory Damages</u>.

In count five of their second amended complaint, plaintiffs seek enhanced compensatory damages under New Hampshire common law, claiming that defendants engaged in wanton, malicious, and oppressive conduct.[1]  Because the court has dismissed the underlying state law claims against River Valley Club, Fitness Associates, and the LLC, there is no remaining state law claim against those defendants as to which enhanced compensatory damages might attach.  In fact, in response to defendants' motion to dismiss, plaintiffs concede that no claim for enhanced compensatory damages lies against the entities Sheppard says operated as her single employer.  <u>See</u> Plaintiffs' objection, at

---

[1]      It bears noting that plaintiffs' claim to "enhanced damages" is brought pursuant to New Hampshire common law.  It is not a demand for punitive damages under Title VII.  <u>See</u> 42 U.S.C. § 1981a(b)(1).

12

para. 2.  Accordingly, as to those defendants, plaintiffs' claim for enhanced compensatory damages is dismissed.

IV.   <u>Count Six - Loss of Consortium</u>.

Finally, plaintiffs agree that because Sheppard's common law claims against River Valley Club, Fitness Associates, and the LLC may properly be dismissed, Sheppard's husband, Robert, has no viable claim for loss of consortium against those defendants. <u>See</u> Plaintiffs' objection at para. 3.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (document no. 16) is granted in part and denied in part.  As to defendants River Valley Club, Fitness Associates, and the LLC, counts three (assault), five (enhanced compensatory damages), and six (loss of consortium) are dismissed.  In all other respects, however, that motion is denied.

**SO ORDERED.**

13

 

 

 

 

 

                                             _____

                                             Steven J. McAuliffe

                                             United States District Judge

May 18, 2000

cc:  Lauren S. Irwin, Esq.

      William E. Whittington, IV, Esq.

14